IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-cr-00099-RBJ-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    LACHY EDUARDO ESPINEL, JR.,

Defendant.

## PLEA AGREEMENT

    THE UNITED STATES OF AMERICA, JASON R. DUNN, UNITED STATES ATTORNEY, by Zachary Phillips, Assistant United States Attorney, and the defendant, Lachy Eduardo Espinel, Jr., personally and by his attorney, Harvey A. Steinberg, submit the following Plea Agreement and Stipulation of Facts pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and District Court of Colorado Local Rule 11.1.

    It is the intention of the parties to resolve all pending federal criminal issues, excluding any tax issues (none are presently known to the parties), between the defendant and the United States Attorney's Office for the District of Colorado through the resolution of this case. Discussions in relation to this plea agreement, including any supplement, if any, to the plea agreement, were and are entered into pursuant to Fed. R. Crim. P. 11, Fed. R. Evid. 410, and U.S.S.G. § 1B1.8. The parties understand and agree that in the event the agreement represented herein is not accepted by the Court, is not entered into by the defendant, or the defendant fails to meet his obligations pursuant to this plea agreement, including any supplement to the plea agreement, the


COURT EXHIBIT 1

government will proceed with the prosecution of the defendant according to law, which may include obtaining superseding indictments, filing additional charges, and pursuing Title 21 U.S.C. § 851 allegations, if applicable. *See Ricketts v. Adamson*, 483 U.S. 1, 9-12 (1987) (agreement void and government permitted to reinstate original charges when defendant failed to completely fulfill his obligations pursuant to the plea agreement).

## PLEA AGREEMENT

1. The defendant will plead guilty to Count Eight of the Indictment, charging Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii) and Title 18, United States Code, Section 2, knowingly and intentionally manufacture, distribute and possess with intent to distribute 100 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same. The defendant also agrees to waive indictment and plead guilty to Count One of an Information charging him with a money laundering conspiracy, in violation of Title 18, United States Code Section 1956(h). The defendant also agrees to a limited waiver of appellate rights and the entry of an order of forfeiture, as described below.

2. Count Eight of the Indictment charges that on or about December 7, 2017 within the State and District of Colorado, LACHY EDUARDO ESPINEL, JR., did knowingly and intentionally manufacture, distribute and possess with intent to distribute 100 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii) and Title 18, United States Code, Section 2.

3. Count One of the Information charges beginning in and around January 12, 2016, and continuing through May 4, 2017, within the State and District of Colorado and elsewhere, the defendant, LACHY EDUARDO ESPINEL, JR., knowingly conspired with others to conduct, or attempt to conduct, a financial transaction with proceeds from a specified unlawful activity, namely cultivation of marijuana, in violation of 21 U.S.C. § 841(a)(1), with the specific intent to conceal or disguise the source, origin, nature, ownership, or control of the proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); all in violation of Title 18, United States Code, Section 1956(h).

4. In consideration for this plea agreement, if the United States Attorney's Office for the District of Colorado determines, in its sole discretion, that the defendant has complied with the terms of this agreement, and once the Court indicates its acceptance of the plea of guilty, the government agrees, at the time of sentencing, to dismiss the remaining counts of the Indictment as to this defendant. Any sentence recommended by the government is not binding on the Court, and the defendant will not be permitted to withdraw his plea if the Court does not follow the government's recommendation. The defendant recognizes that his ultimate sentence will rest solely within the discretion of the sentencing Court.

5. The defendant agrees to timely file a notice of disposition, request a change of plea hearing date, and to withhold or withdraw any pretrial motions in this case. In return, the government agrees to request that the defendant receive a 3 level decrease for timely acceptance of responsibility pursuant to United States Sentencing Guideline Section 3E1.1(b).

6.    The defendant also agrees that he shall assist the Government in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be subject to forfeiture. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to the Government upon request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

7.    The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to:

    a)    Real Property located at 10690 Pronghorn Place, Franktown, Colorado;
    b)    Real Property located at 311 Mountview Lane, Colorado Springs, Colorado;
    c)    Real Property located at 2803 N. Prospect Street, Colorado Springs, Colorado;
    d)    Real Property located at 11520 Eureka Road, Peyton, Colorado;
    e)    $1,875.33 seized from Wells Fargo Bank Account # 4861-513240;

  f) $166,406.26 seized from Wells Fargo Bank Account # 4861-508935; and

  g) 2011 Dodge Ram 2500 Laramie, VIN 3D7UT2HL1BG601294,

8. The United States agrees not to pursue forfeiture of the following assets: real property located at 17801 SW 52nd Court, Southwest Ranches, Florida, $41,330.45 seized from Wells Fargo Bank Account # 4861-513265, and $58,669.55 of $166,496,26. The United States also agrees to remit any and all funds over $500,000.00 from the net proceeds realized from the sale of real properties identified in paragraphs (a)-(d). Net proceeds shall be defined as proceeds due to seller less all costs, fees, and expenses incurred by the United States related to the sale of the real properties.

9. The defendant also agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to all assets, and/or their substitutes which are subject to forfeiture pursuant to Title 21, United States Code, Section 853, and all firearms and ammunition which are subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1). Further, should any family member, associate, or acquaintance attempt to contest any such property, the defendant agrees to provide necessary information to the Government regarding any such claim.

10. The defendant also knowingly and voluntarily agrees to waive any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to forfeited assets. Finally, the defendant agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or further notification of any judicial or administrative forfeiture proceedings brought against said assets, and the defendant agrees to waive any appeal for the forfeiture.

## ELEMENTS OF THE OFFENSE COUNT

11.     The elements of the charge in Count Eight of the Indictment, which the government must prove beyond a reasonable doubt if this matter goes to trial and to which the defendant must admit if the defendant is to enter a plea of guilty, are as follows:

    a.      The defendant knowingly or intentionally manufactured a controlled substance, to wit: marijuana;

    b.      The substance was in fact a controlled substance;

    c.      The defendant manufactured the substance with the intent to distribute it;

    d.      The amount of the marijuana was more than 100 marijuana plants.

12.     The parties agree that the elements of the offense in the Information to which this plea is being tendered are as follows:

    a.      Two or more people agreed to try to accomplish and unlawfully plan, as charged in the Information; and,

    b.      The defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

## STATUTORY PENALTIES

13.     The above-described offense in the Indictment carries the following statutory penalties:

    a.      Maximum term of imprisonment: 40 years.

    b.      Minimum term of imprisonment: 5 years.

    c.      Minimum supervised release term: 4 years.

    d.      Maximum fine: Not more than $5,000,000.00.

    e.      $100 mandatory victim's fund assessment fee.

    f.      Restitution: None.

14. The above-described offense in the Information carries the following statutory penalties:

    a. Maximum term of imprisonment: 20 years.

    b. Minimum term of imprisonment: 0 years.

    c. Not more than 3 years supervised release.

    d. A fine of $500,000.00 or twice the value of the property involved in the transaction, or both.

    e. $100 mandatory victim's fund assessment fee.

15. The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

## APPELLATE WAIVER

16. The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 19; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

17. The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not

limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## STIPULATION OF FACTUAL BASIS

18.    The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in Title 18, United States Code, Section 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

19.    This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computation, to other Title 18, United States Code, Section 3553 factors, or to the Court's overall sentencing decision.

**A.    Background and Summary of Investigation**

20.    The investigation underlying the conspiracy charged in Count One of the Indictment began on or about March 1, 2015, through on or about December 11, 2017. The Government's evidence at trial would include evidence of drug trafficking seized

from the defendant and other defendants, testimony of investigators regarding surveillance of the defendant's property and other co-conspirators' properties, testimony of co-conspirators, and other investigative findings. The Government's evidence at trial would establish the charged co-conspirators as well as uncharged co-conspirators conspired to grow marijuana in the state of Colorado in order to sale the marijuana for financial gain. Government evidence would establish that prior to and during the course of the conspiracy, private residences and structures were purchased or leased with the intent of growing and harvesting marijuana.

21. During the course of the investigation, the defendant and members of the conspiracy purchased and rented properties for the purpose of growing marijuana. The properties were rented for an inflated price because the properties were to be used for the growing of marijuana.

22. During the course of the investigation, law enforcement: (1) seized approximately 2846 marijuana plants; (2) seized approximately 178 kilograms (392 pounds) of processed marijuana (3) seized approximately $530,000 in bulk cash drug proceeds; and (4) recovered 21 firearms.

B. **Evidence Supporting the Count of Conviction**

23. On December 7, 2017, a search warrant was executed at the home of the defendant, Lachy Eduardo Espinel, Jr. at 1356 Elk View Road, Larkspur, Colorado. As a result of the search warrant, 594 marijuana plants were found growing in the home. Additionally, 3,674 grams of processed marijuana was recovered.

24. Also, during the course of the money laundering conspiracy, the defendant deposited or had co-conspirators deposit drug proceeds in the following amounts:

| Date | Amount | Location |
|---|---|---|
| January 12, 2016 | $5,000.00 | CASTLE ROCK CO |
| January 12, 2016 | $3,000.00 | CASTLE ROCK CO |
| January 12, 2016 | $3,000.00 | CASTLE ROCK CO |
| February 29, 2016 | $5,900.00 | COLORADO SPRINGS CO |
| March 30, 2016 | $3,330.00 | COLORADO SPRINGS CO |
| July 29, 2016 | $7,500.00 | COLORADO SPRINGS CO |
| August 29, 2016 | $6,000.00 | CASTLE ROCK CO |
| September 8, 2016 | $9,000.00 | CASTLE ROCK CO |
| October 3, 2016 | $3,370.00 | CASTLE ROCK CO |
| October 27, 2016 | $1,120.00 | CASTLE ROCK CO |
| November 10, 2016 | $7,500.00 | COLORADO SPRINGS CO |
| December 1, 2016 | $4,500.00 | MEMPHIS, TN |
| December 12, 2016 | $1,500.00 | MEMPHIS, TN |
| December 21, 2016 | $8,000.00 | YONKERS, NY |
| December 21, 2016 | $750.00 | NORTHGLENN CO |
| December 28, 2016 | $2,000.00 | COLORADO SPRINGS CO |
| January 5, 2017 | $800.00 | MEMPHIS, TN |
| March 2, 2017 | $4,500.00 | MEMPHIS, TN |
| March 7, 2017 | $2,615.00 | CASTLE ROCK CO |
| April 3, 2017 | $4,500.00 | MEMPHIS, TN |
| April 10, 2017 | $3,750.00 | COLORADO SPRINGS CO |
| May 4, 2017 | $7,500.00 | COLORADO SPRINGS CO |
| May 4, 2017 | $3,000.00 | MEMPHIS, TN |
| Total | $98,135.00 | |

25. For purposes of relevant conduct the defendant stipulates pursuant to USSG § 1B1.3(a)(1)(B) that the total drug quantity for which he is accountable is 63 kilograms of marijuana. The corresponding offense level for this amount of marijuana is an offense level 20 (at least 60 kilograms but less than 80 kilograms).

### STIPULATION OF RELEVANT SENTENCING FACTORS

26. The parties understand that the imposition of a sentence in this matter is governed by Title 18, United States Code, § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued

by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

(a) Under Sections 1B1.3 and 2D1.1 of the Sentencing Guidelines, the readily provable relevant offense conduct, and the quantity of drugs reasonably foreseeable to the defendant is at least 60 kilograms but less than 80 kilograms of marijuana. The base offense level is 20.

(b) Pursuant to Section 2D1.1(b)(12) the defendant maintained a stash house and is assessed 2 point offense level increase for an adjusted offense level of 22.

(c) Pursuant to Section 2S1.1(2)(B) there is a two level increase for an offense level 24.

(d) Pursuant to Sections 2D1.1(b)(17) and 5C1.2 the defendant is safety valve eligible and there is a two level decrease of the Sentencing Guidelines resulting in offense level 22.

(e) The defendant should receive a three level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines resulting in a revised base offense level of 19.

(f) The defendant is believed to be in Criminal History Category I.

(g) The resulting sentencing guideline range for base offense level 19, Criminal History Category I, is 30 - 37 months.

(h) There is a resulting fine range of $10,000 to $100,000 under Section 5E1.2 of the Sentencing Guidelines.

### REASONS WHY THE PLEA AGREEMENT IS APPROPRIATE

27. The plea encompasses all relevant conduct and adequately reflects the serious nature of the criminal activity engaged in by the defendant.

28. No agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless memorialized in writing and

signed by all parties. This agreement, to become effective, must be signed by all of the parties listed below.

Date: 5/15/19  _____
Lachy Eduardo Espinel, Jr., Defendant

Date: 5/15/19  _____
Harvey A. Steinberg, Esq., Counsel to the Defendant

Date: 5/15/19  _____
Zachary Phillips, Assistant U.S. Attorney